IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD M. COLEMAN, | ) | |
| Plaintiff, | ) | Civil Action No. |
| v . | ) | _____ |
| | ) | |
| RITE AID OF GEORGIA, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now, the Plaintiff, Donald M. Coleman, and states as follows:

### JURISDICTION

1.     This action arises out of the Defendant's repeated violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Georgia Telephone Consumer Act, O.C.G.A. §46-5-27, and the invasion of the Plaintiff's personal privacy.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     The Plaintiff, Donald M. Coleman ("Plaintiff'), is a resident of Dekalb County, Georgia.

4.     The Defendant, Rite Aid of Georgia, Inc., is a registered Georgia corporation.

5.     Defendant can be served by its registered agent, The Corporation Company, 112 North Main Street, Cumming, Georgia 30040.

## FACTS

6.     Beginning  around June, 2016, Defendant placed approximately twenty calls to Plaintiff's cellular telephone number 770-xxx-8962.

7.     At all times mentioned herein, Defendant called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8.     When Plaintiff answered the ATDS calls from Defendant, he would hear a pre-recorded message which was directed to some other individual who was unknown to Plaintiff.

9.     The pre-recorded messages did not contain an interactive opt-out mechanism such that Plaintiff could notify Defendant to cease such calls to his number.

10.     The messages were notices regarding status of drug prescriptions and left the telephone number for one of Defendant's stores.

11.    After approximately the third call, Plaintiff called the telephone number and

spoke with Defendant∉s pharmacy employee.


12.    Plaintiff told Defendant∉s pharmacy employee that the wrong person was

being called,


13.    Plaintiff also told the Defendant's pharmacy employee that he did not know

the person to whom the messages were directed.


14.    Plaintiff requested Defendant stop the calls to his cellular phone.

Subsequently, Defendant continued to place the automated calls to his cellular

telephone.


15.    Plaintiff did not provide Defendant prior express consent to call him on his

cellular telephone concerning himself or any other person.

16.     Plaintiff has owned the above-referenced cellular telephone number for more than three years.

17.     At all times mentioned herein and within the last year, DEFENDANT called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

COUNT I

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Congress enacted the TCPA to prevent real harm.  Congress found that õautomated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of callö and decided that õbanningö such calls made without

consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

21.     Defendant's phone calls or text messages harmed Plaintiff by causing the very harm that Congress sought to prevent - a "nuisance and invasion of privacy."

22.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

23.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

24.     Defendant's phone calls or text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

25.     Defendant harassed Plaintiff by incessantly calling Plaintiff's telephone.

26.      Defendant's phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

27.     Defendant's phone calls harmed Plaintiff by wasting Plaintiff's time.

28.      Defendant's phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

29.      Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

30.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

31.     As a result of each call made in knowing and/or willful violation of the

TCPA, Plaintiff is entitled to an award of treble damages in an amount up to

$1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

COUNT II

VIOLATIONS OF GEORGIA TELEPHONE CONSUMER PROTECTION LAW,

O.C.G.A. §46-5-27

32.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

33.      Each of the aforementioned calls made by Defendant constitutes a violation

under O.C.G.A. §46-5-27.

34.     As a result of each call made by Defendant, Plaintiff is entitled to an award

of $2000.00 in statutory damages for each call placed.

## COUNT III

## INVASION OF PRIVACY

35.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Each of the aforementioned calls made by Defendant constitutes an invasion of privacy

37.    As a result of the repeated calls made is entitled to general damages and punitive damages.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(l)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to O.C.G.A. §46-5-27;

4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 14, 2017

_____/s/Andrea D. Coleman_____

Andrea D. Coleman (Ga. Bar No.)

Attorney for Plaintiff

3638 Idle Creek Drive

Decatur, GA 30034

Telephone: (404)330-3991

Email: a-coleman.3@hotmail.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in L.R. 5.1.B.

*/s/Andrea D. Coleman*

Andrea D. Coleman

Ga. Bar. No.

Attorney for Plaintiff